## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KESIENA DENNIS OBIENU**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 25-417**

**ALGIERS CHARTER SCHOOL**                   **SECTION: D(3)**
**ASSOCIATION, INC., ET AL.**

## ORDER AND REASONS

Before the Court is a Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Second Amended and Supplemental Complaint, Petition for Damages, and Jury Demand filed by Defendant Algiers Charter School Association, Inc.[1] Defendant Kesiena Dennis Obienu has filed a Response in Opposition.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court GRANTS in part and DENIES in part the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[3]

This case arises out of employment negotiations between Plaintiff Kesiena Dennis Obienu ("Obienu") and Defendant Algiers Charter School Association, Inc. ("ACSA"). In July 2024 ACSA offered Obienu the position of Dean of Culture at Martin Behrman Middle School, a charter school that ACSA operates.[4] Obienu accepted the position the same day and two days later executed a valid contract of employment with ACSA.[5] Thereafter, Obienu sent ACSA a copy of his military orders

---

[1] R. Doc. 39.
[2] R. Doc. 40.
[3] Unless otherwise noted, the factual background is drawn from the Plaintiff's Second Amended Complaint. *See* R. Doc. 37.
[4] R. Doc. 37 at ¶ 27.
[5] *Id.* at ¶¶ 28-29.

and obligations as a reservist chaplain for the United States Army for the year 2024.[6] Obienu claims that ACSA contacted Obienu on July 19, 2024 and informed him that ACSA was withdrawing its offer because ACSA preferred someone with more availability for the position.[7] Obienu also claims that he notified ACSA of his military obligation prior to entering into the employment contract with ACSA.[8]

On January 3, 2025, Plaintiff Kesiena Dennis Obienu filed a Petition for Damages against Defendants Algiers Charter School Association, Inc. and Liberty Mutual in Civil District Court for the Parish of Orleans, alleging discrimination based upon Plaintiff's military status in violation of the Discrimination in Employment Act, the Uniformed Services Employment and Reemployment Rights Act, and the Military Service Relief Act.[9] Defendants ACSA and Liberty Mutual removed the case to this Court on February 28, 2025, invoking this Court's jurisdiction under 28 U.S.C. §1331.[10]

After receiving leave, Plaintiff filed a Comprehensive Amended Complaint, adding a claim under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of religious belief.[11] Defendant then filed a motion to dismiss for failure to state a claim,[12] which was subsequently denied without prejudice as moot by Plaintiff's Second Amended Complaint.[13] The Second Amended Complaint adds

---

[6] *Id.*, at ¶ 30, 33; R. Doc. 3-2 at p. 3.
[7] R. Doc. 37 at ¶ 31.
[8] *Id.* at ¶ 33.
[9] R. Doc. 3-2.
[10] R. Doc. 3. Liberty Mutual was terminated as a party on June 25, 2025. *See* R. Docs. 17, 23, and 25.
[11] R. Doc. 25.
[12] R. Doc. 29.
[13] R. Doc. 37.

claims for race-based discrimination under 42 U.S.C. §1981, and state law claims of libel and slander, civil conspiracy, negligence, and other tortious conduct.[14]

In response to the Second Amended Complaint, Defendant Algiers Charter School Association, Inc., filed the instant Partial Motion to Dismiss for Failure to State a Claim.[15] Defendant asks this Court to dismiss Plaintiff's claims under Title VII and the Louisiana Employment Discrimination Law ("LEDL") arguing that Plaintiff's Complaint contains merely subjective belief, which is not enough to establish a claim under Title VII or the LEDL. Additionally, Defendant argues that the Complaint does not plead facts sufficient to establish a claim for race- or ethnicity-based discrimination under 42 U.S.C. §1981.[16] Defendant also contends Plaintiff's claim under the Louisiana Human Rights Act ("LHRA") should be dismissed because the Louisiana Employment Discrimination Law replaced and extinguished the LHRA, making the LEDL the exclusive remedy under state law for acts of unlawful employment discrimination.[17] Lastly, regarding the state law tort claims, Defendant avers that Plaintiff has failed to plead facts sufficient to support claims of libel, slander, intentional infliction of emotional distress, negligent infliction of emotional distress, or civil conspiracy and that Plaintiff's negligence claim is barred by Louisiana's at-will employment doctrine.[18]

---

[14] *Id*.
[15] R. Doc. 39.
[16] R. Doc. 39-1 at p. 6.
[17] *Id*. at p. 7-8.
[18] *Id*. at pp. 8-18.

Plaintiff Obienu responds that his Second Amended Complaint stated plausible claims for race and national origin discrimination under Title VII, the LEDL, and 42 U.S.C. §1981.[19] He further states that his claim under the LHRA is still viable for people seeking public accommodations and broader civil rights protections.[20] Regarding the state law tort claims, Plaintiff claims that he has sufficiently alleged the facts to establish each element of defamation under Louisiana law and civil conspiracy.[21] Further, he asserts that his negligence claim is not barred by Louisiana's at-will employment doctrine and that the narrow application of intentional infliction of emotional distress and negligent infliction of emotional distress are not barred by Louisiana court's narrow application of those claims.[22]

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[23]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[19] R. Doc. 40 at pp. 6-8.
[20] *Id*. at p. 8.
[21] *Id*. at pp. 9-10.
[22] *Id*.
[23] Fed. R. Civ. P. 12(b)(6).
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

the misconduct alleged."[25]  But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[26]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[27]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[28]  "Dismissal is appropriate when the complaint on its face shows a bar to relief."[29]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[30]

## III.    ANALYSIS

Defendant ACSA's motion challenges several of the claims brought by Plaintiff and moves to dismiss them for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Court will discuss each of the challenged claims in turn.

---

[25] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[26] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[27] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[28] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[29] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[30] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).

**A. Plaintiff Fails to State a Claim for Discrimination under Title VII and the Louisiana Employment Discrimination Law.**

Defendant argues that Plaintiff has failed to plead facts sufficient to state a claim for employment discrimination under both Title VII and the Louisiana Employment Discrimination Law ("LEDL"). Specifically, Defendant contends that the Plaintiff has failed to plead facts on each of the ultimate elements of the claim of employment discrimination.[31] Plaintiff disagrees and responds that the factual allegations in the complaint support a plausible inference that the stated justification was pretextual and that Plaintiff's race and national origin were motivating factors.[32]

For a prima facie case of discrimination under Title VII (and the LEDL),[33] a Plaintiff must prove that

> (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.[34]

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need not prove a prima facie case of discrimination; however, he must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."[35] The ultimate issue of a Title VII disparate treatment claim is whether the defendant

---

[31] R. Doc. 39-1 at pp. 4-5

[32] R. Doc. 40 at pp. 6-7

[33] Defendant asserts and Plaintiff does not dispute that Title VII and the LEDL share the same scope and purpose and are analyzed under the same framework. *See DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007) ("Claims of racial discrimination in employment, pursuant to…the Louisiana Employment Discrimination Law, are governed by the same analysis as that employed for such claims under Title VII.").

[34] *Lee v. Kansas City S. Ry. Co.,* 574 F.3d 253, 259 (5th Cir. 2009) (citing *Abarca v. Metro. Transit Auth.,* 404 F.3d 938, 941 (5th Cir. 2005)).

[35] *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

took an adverse employment action against the plaintiff because of the plaintiff's protected status.[36]

Plaintiff's Second Amended Complaint fails to state a claim under Title VII. In the Complaint, Plaintiff alleges that "[o]n believe [*sic*] and information, Defendant used Plaintiff Obienu's military status to discriminate against Obienu based on his race and/or national origin."[37] It then states that Defendant discriminated against Plaintiff by using his military service as a prextext for discrimination."[38] Plaintiff fails to allege any facts to tie his statement that he is a black male of Nigerian origin with the conclusions that "On believe and information, Defendant used Plaintiff Obienu's military status to discriminate against Obienu based on his race and/or national origin,"[39] and "The acts of Defendants described herein above constitute Employment discrimination and wrongful termination based on race and national origin."[40] This Court has held that a Plaintiff's own subjective belief that some seemingly race-neutral incidents were instead motivated by racial animus is not sufficient to state a claim under Title VII.[41] Ultimately, Plaintiff fails to plead sufficient facts to make a plausible claim that Defendant ACSA withdrew his offer of employment *because of* his race or national origin. As such, Plaintiff's claims under Title VII and the LEDL must be dismissed.

---

[36] *See Raj v. Louisiana State Univ.,* 714 F.3d 322, 331 (5th Cir. 2013).
[37] R. Doc. 37 at ¶ 34.
[38] *Id*. at  ¶ 58.
[39] R. Doc. 37 at ¶ 34.
[40] *Id*. at ¶ 50.
[41] *Rome-Bienemy v. Children's Hosp.,* No. CV 14-1020, 2015 WL 8600689, at *9 (E.D. La. Dec. 14, 2015) (Zainey, J.).

**B.  Plaintiff Fails to State a Claim for Discrimination under Section 1981.**

Defendant ACSA argues that Plaintiff has failed to state a claim for discrimination under 42 U.S.C. §1981 because naked allegations of discrimination are not sufficient to state a claim for race-based discrimination under Section 1981.[42] Plaintiff responds that his allegation that no similarly situated white or non-Nigerian candidate would have had their job offer revoked by the Plaintiff due to military obligations is sufficient at the pleading stage.[43]

To prevail on a claim under 42 U.S.C. §1981, the plaintiff "must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."[44] Additionally, the plaintiff "must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute."[45]

The factual allegations, as pleaded in the Second Amended and Supplemental Complaint, do not "when assumed to be true 'raise a right to relief above the speculative level.'"[46] Instead, the Complaint states conclusory allegations that no similarly situated white or non-Nigerian employee has been or would have been

---

[42] R. Doc. 39-1 at pp. 6-7.

[43] R. Doc. 40 at p. 8. The Court notes that Plaintiff's Response references the religious beliefs of the Plaintiff. Section 1981 does not protect against religious discrimination. *See, e.g., Aziz v. MMR Grp.*, Inc., 530 F. Supp. 3d 644, 654 (M.D. La. 2019) (citing *McCoy v. Homestead Studio Suites Hotels*, 177 F. App'x 442, 445 n.2 (5th Cir. 2006)).

[44] *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341, 140 S. Ct. 1009, 1019, 206 L. Ed. 2d 356 (2020).

[45] *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994)

[46] *Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020), *rev'd*, 595 U.S. 468, 142 S. Ct. 1253, 212 L. Ed. 2d 303 (2022) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

terminated.[47] Such allegations, when placed in the factual context of the complaint, do not support the inference that the Plaintiff is entitled to relief under 42 U.S.C. §1981.[48] Because the statement is conclusory and does not present any factual allegations sufficient to meet the pleading standard of a Section 1981 claim, the Plaintiff has failed to state a claim for which relief may be granted. As such, this Court grants Defendant's Motion to Dismiss regarding the Plaintiff's claim for discrimination under Section 1981.

## C. Plaintiff Fails to State a Claim for Discrimination Under the Louisiana Human Rights Act.

Defendant argues that Plaintiff cannot state a claim for discrimination under the Louisiana Human Rights Act ("LHRA") because the remedies under the act for employment discrimination were subsumed by the Louisiana Employment Discrimination Law ("LEDL"). Plaintiff agrees that claims for employment discrimination are to be made under the LEDL,[49] but simply asserts that it should not be dismissed unless it is clear from the face of the complaint that it entirely overlaps with the LHRA claim.

The Court agrees that Plaintiff's claim has failed to state a claim and cannot state a claim for employment discrimination under the LHRA. The LHRA originally contained provisions prohibiting discriminatory employment practices by employers,

---

[47] R. Doc. 37, ¶¶ 59-60.

[48] *See, e.g., Badaiki v. Schlumberger Holdings Corp.*, No. 4:20-CV-2216, 2021 WL 6010580, at *2 (S.D. Tex. Aug. 23, 2021), *report and recommendation adopted*, 4:20-CV-02216, 2021 WL 5542144 (S.D. Tex. Nov. 26, 2021), and *report and recommendation adopted*, No. 4:20-CV-02216, 2021 WL 5769276 (S.D. Tex. Dec. 6, 2021).

[49] *See* R. Doc. 40 at p. 8. ("While employment discrimination claims are covered by the LEDL, the LHRA still provides causes of actin in other contexts, including public accommodations and broader civil rights protections.")

but these provisions were repealed by the legislature in its 1997 act and placed in the LEDL.[50] Courts have found that discriminatory employment practices prohibited in the LEDL do not give rise to a cause of action under the LHRA because the LHRA "does not extend to provisions repealed from that Act and now incorporated into" the LEDL.[51] The Plaintiff's Second Amendment Complaint explicitly contains a claim for employment discrimination under the LHRA. There is no claim made regarding any other cause of action that remains in the LHRA after the 1997 amendments, such as for public accommodations.[52] Because no such claim was made and neither are such claims applicable to the present case, Plaintiff's claim for discrimination under the LHRA must be dismissed.

### D. Plaintiff Fails to State a Claim for Defamation under Louisiana Law.

Defendant argues that Plaintiff has failed to state a claim for defamation because he failed to plead each of the factual elements that must be proven for a defamation claim.[53] Defendant further contends that some of the statements identified in the Second Amended Complaint as defamatory are statements of opinion, not fact.[54] Plaintiff responds that the allegations in the Second Amended Complaint are sufficient to plead a claim for defamation because courts permit

---

[50] *Lowry v. Dresser, Inc.*, 893 So. 2d 966, 967 (La. App. 3 Cir. 2/2/05), *writ denied*, 922 So. 2d 1157 (La. 2/3/06).

[51] *Smith v. Par. of Washington*, 318 F. Supp. 2d 366, 373 (E.D. La. 2004); *see also Hollister v. Gallagher*, No. CIV.A. 03-0578, 2004 WL 224547, at *1 (E.D. La. Feb. 4, 2004); *Johnson v. Integrated Health Servs., Inc.*, No. CIV.A. 01-2075, 2002 WL 31246762, at *2 (E.D. La. Oct. 2, 2002).

[52] R. Doc. 37 at ¶¶ 45-46.

[53] R. Doc. 39-1 at p. 9. Defendant uses the term defamation to include the allegations of state law libel and slander. The Court does as well.

[54] *Id*. at pp. 9-10, referencing R. Doc. 37, ¶ 77.

defamation claims to proceed if alleged with sufficient context such that discovery can "flesh out" the details.[55]

Because the claim for defamation was brought under Louisiana law, this Court turns to the law of this state for the pleading standard for defamation. There are four elements necessary to establish a claim for defamation under Louisiana law: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[56] The Louisiana Supreme Court has required that a plaintiff in a defamation suit must plead "with reasonable specificity the defamatory statements allegedly published by defendant."[57]   Furthermore, the plaintiff "must name the individual offenders and allege separate acts of defamation as to each, including specific defamatory statements."[58] Federal courts in this state have adopted this pleading standard.[59]

In his Second Amended Complaint, Plaintiff has failed to meet this pleading standard. He has not named any individual offenders and has not alleged separate acts of defamation as to each.[60] While Plaintiff did identify several statements that he alleges ACSA "Does 1 to 20 and other associates and agents of ACSA" made about him, two of them are not statements of fact. Statements of opinion cannot be

---

[55] R. Doc. 40 at p. 9.
[56] *Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 674 (La. 7/10/06).
[57] *Fitzgerald v. Tucker*, 737 So. 2d 706, 713 (La. 1999).
[58] *Badeaux v. Sw. Computer Bureau, Inc.*, 929 So. 2d 1211, 1218 (La. 3/17/06).
[59] *See, e.g., Hills v. Tangipahoa Par. Sch. Sys.*, No. CV 19-5, 2020 WL 1250810 (E.D. La. Mar. 16, 2020); *Eng. v. Wood Grp. PSN, Inc.*, No. CIV.A. 15-568, 2015 WL 5061164 (E.D. La. Aug. 25, 2015).
[60] R. Doc. 37 at ¶¶ 73-92.

defamatory as a matter of law.[61] The Court finds that "Obienu is not a suitable employee" and "Obienu is not worthy of trust" are statements of opinion because no reasonable person would be able to understand those statements as a statement of existing fact.[62]

The Court agrees with Judge Lemelle's Reasoning in the *Jacob* case that statements from plaintiffs "that discovery will prove…the extent of the defamation simply do not carry the day."[63] To allow such a claim to proceed would effectively neuter Fed. R. Civ. P. 12(b)(6), which requires plaintiffs to state a claim for which relief can be granted. For those reasons, the Court finds that Plaintiff has failed to state a claim for defamation under Louisiana law. As such, the state law claims of libel and slander must be dismissed.

### E. Plaintiff's Claim for Negligence is Not Barred by Louisiana's At-Will Employment Doctrine

Defendant argues that Plaintiff's negligence claim is barred by Louisiana's at-will employment doctrine. It contends that Plaintiff's claim is one for negligent termination and that based on the at-will employment doctrine, both employees and employers can end their employment relationship at any time, providing no statutory or constitutional provision is violated.[64] Plaintiff responds that his claim is not one

---

[61] *Bussie v. Lowenthal*, 535 So. 2d 378, 381 (La. 1988) ("A pure statement of opinion, which is based totally on the speaker's subjective view and which does not expressly state or imply the existence of underlying facts, usually will not be actionable in defamation.").

[62] *Mashburn v. Collin*, 355 So. 2d 879, 886 (La. 1977) ("In order for a statement to be defended as fair comment it must be recognizable by the ordinary reasonable person as opinion and not as a statement of fact.").

[63] *Jacob v. Kopfler*, No. CV 04-1323, 2005 WL 8174246, at *10 (E.D. La. June 14, 2005)

[64] R. Doc. 39-1 at pp. 12-13.

for wrongful termination but rather one for Defendants' negligence in verifying his employment, handling his job offer, and disseminating damaging information.[65]

Louisiana has codified the at-will employment doctrine in Article 2747 of the Civil Code: "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing.  The servant is also free to depart without assigning any cause."[66] This doctrine allows both employees and employers to terminate their employment relationship at any time and for any reason "provided that the termination *violates no statutory or constitutional provision* and, obviously, that there is no contract of employment for a definite term."[67] The Second Amended Complaint does not allege that the Plaintiff had a contract of employment for a definite term. As such, Plaintiff was an at-will employee under Louisiana law. Like the employee in *Delchamps*, Plaintiff's cause of action is essentially one for wrongful termination.[68] Plaintiff avers that his claim is for negligence in verifying his employment, handling his job offer, and disseminating damaging information.[69] However, each of these claims leads to the ultimate claim which is that Defendant ACSA acted negligently in terminating Plaintiff's employment.

However, unlike the plaintiff in *Delchamps*, the Plaintiff here has alleged violations of statutory provisions that would, if proven true, prohibit Defendant from discharging him.[70] Because Plaintiff has sufficiently pled that Defendant violated

---

[65] R. Doc. 40 at p. 9.
[66] La. Civ. C. art. 2747.
[67] *Johnson v. Delchamps, Inc.*, 897 F.2d 808, 810 (5th Cir. 1990) (emphasis added).
[68] See *id*.
[69] R. Doc. 40 at p. 9.
[70] *Johnson v. Delchamps, Inc.*, 897 F.2d 808, 810 (5th Cir. 1990) ("Johnson makes no claim that a constitutional or statutory provision prohibits Delchamps from discharging her.").

certain statutory provisions, such as a violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, the claim for negligence in this case is not foreclosed by Louisiana's at-will employment doctrine.[71] As such, the Court denies the Motion to Dismiss as it pertains to Plaintiff's claim for negligence under Louisiana law.

F. **Plaintiff Has Failed to State a Claim for Intentional Infliction of Emotional Distress** ("IIED")

Defendant argues that Plaintiff has failed to state a claim for IIED because the allegations contained in the Second Amended Complaint fail to allege that extreme and outrageous conduct that would be required to sufficiently plead a claim for IIED under Louisiana law.[72] Plaintiff responds that he has sufficiently pled the facts necessary to state a claim for IIED, including that he suffered severe reputational, personal, and emotional harm.[73]

To recover for IIED under Louisiana law, a Plaintiff must prove

(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct[74]

Furthermore, the conduct at issue "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[75] Additionally,

---

[71] R. Doc. 37 at ¶¶ 65-72.
[72] R. Doc. 39-1 at pp. 13-15.
[73] R. Doc. 40 at p. 10.
[74] *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).
[75] *Id.*

"[c]onduct which is merely tortuous [*sic*] or illegal does not rise to the level of being extreme and outrageous."[76] The distress suffered by the Plaintiff "must be such that no reasonable person could be expected to endure it."[77]

When taken as true, the allegations made in the Complaint do not reach the requisite standard for a claim of IIED. The actions alleged fail to approach the standard of extreme and outrageous conduct necessary to recover under a theory of IIED and further fail to demonstrate that Defendant desired to inflict emotional distress on the Plaintiff or that it was substantially certain to result from Defendant's conduct.[78] Additionally, Plaintiff has not alleged that the distress he suffered was so extreme that no reasonable person could be expected to endure it. For these reasons, Plaintiff has failed to state a claim for IIED for which relief can be granted, and the claim must be dismissed.

### G. Plaintiff Has Failed to State a Claim for Negligent Infliction of Emotional Distress. ("NIED"), and the Claim Must Be Dismissed Without Leave to Amend.

Defendant likewise argues that Plaintiff has failed to state a claim for NIED. Defendant alleges that Plaintiff failed to allege such facts that could prove the "special circumstances" that give rise to a claim for NIED under Louisiana law.[79] Plaintiff responds summarily that his allegations are sufficient to state a claim for NIED.[80]

---

[76] *Nicholas v. Allstate Ins. Co.*, 765 So. 2d 1017, 1025 (La. 8/31/00).
[77] *White*, 585 So. 2d at 1210.
[78] *See id*.
[79] R. Doc. 39-1 at pp. 15-16.
[80] R. Doc. 40 at p. 10.

Louisiana law allows for recovery for the negligent infliction of emotional distress unaccompanied by physical injury.[81] Courts use the negligence duty-risk analysis to determine whether one may recover NIED.[82] However, absent physical injury, to recover for NIED, there must be a showing of "the especial likelihood of genuine and serious emotional distress" that arises from "special circumstances."[83] Plaintiff alleges that he suffered "loss of his reputation, shame, mortification, emotional distress, and injury to his feelings" as a result of Defendant's actions.[84] Recovery for NIED is reserved for instances of outrageous conduct.[85] However, Plaintiff has failed to allege that the circumstances surrounding this case are special such that there is an especial likelihood of genuine and serious emotional distress. When all of Plaintiff's allegations are taken as true, they do not give rise to the special circumstances that would give rise to an actionable claim for negligent infliction of emotional distress. Furthermore, plaintiff has not sufficiently alleged facts that create the inference of outrageous conduct, necessary to plead a claim for NIED. The claim, therefore, must be dismissed.

## H. Plaintiff Has Failed to State a Claim for Civil Conspiracy.

Defendants argue that the Plaintiff failed to plead a claim for civil conspiracy in his Second Amended Complaint because he did not allege any express agreement

---

[81] *See Powell v. Brookshire's Grocery Co.*, 705 So. 2d 286, 291 (La. App. 2 Cir. 12/10/97).
[82] *Id.* at 292.
[83] *Moresi v. State Through Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1096 (La. 1990) (enumerating such special circumstances in which courts have allowed the recovery for negligent infliction of emotional distress, such as the mishandling of corpses, causing fright or nervous shock in which a person feared for his safety, and failure to take photographs or develop film at a wedding).
[84] R. Doc. 37 at ¶ 88.
[85] *Succession of Harvey v. Dietzen*, 716 So. 2d 911, 916 (La. App. 4 Cir. 6/24/98), *writ denied*, 728 So. 2d 391 (La. 11/6/98).

among the parties and the agreed-upon intended result of the conspiracy.[86] Plaintiff simply responds that the allegations are sufficient to state a claim for civil conspiracy because he pled facts to show the essential elements of the claim and because naming defendants (ACSA, its employees and agents) makes his claim plausible and discovery will further support the claim.[87]

A claim for civil conspiracy is rooted in Article 2324 of the Louisiana Civil Code, which provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act."[88] However, the actionable element for a conspiracy is not he conspiracy itself "but rather the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part."[89] To recover for said conspiracy, a plaintiff "must allege and prove that an agreement existed to commit an illegal or tortious act, which act was actually committed, which resulted in the plaintiff's injury, and there was an agreement as to the intended outcome or result."[90]

In the Second Amended Complaint, Plaintiff alleges several tortious acts, including defamation, IIED, NIED, and negligence, which, from the Complaint, appear to be the actionable elements of the alleged conspiracy. However, there is no allegation (1) that there was any express agreement among the alleged co-conspirators, (2) that the agreement was to achieve an agreed-upon, intended result,

---

[86] R. Doc. 39-1 at pp. 16-17.
[87] R. Doc. 40 at p. 10.
[88] La. Civ. C. art. 2324.
[89] *Ross v. Conoco, Inc.*, 828 So. 2d 546, 552 (La. 10/15/02).
[90] *Crutcher-Tufts Res., Inc. v. Tufts*, 992 So. 2d 1091, 1094 (La. App. 4 Cir. 9/17/08), *writ denied*, 998 So. 2d 105 (La. 1/16/09).

or (3) what the agreed-upon intended result was.[91] Under Louisiana law, these elements are essential to a claim of civil conspiracy. Because Plaintiff has failed to allege essential elements of a claim for civil conspiracy, he has failed to state a claim under Fed. R. Civ. P. 12(b)(6). As a result, the claim for civil conspiracy must be dismissed.

### I. Plaintiff is Granted Leave to Amend Claims Not Foreclosed as a Matter of Law and Claims that are Not Futile.

Plaintiff requests that should the Court find that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6), the Court also grant leave to amend under Rule 15.[92] Plaintiff argues that the Federal Rules favors liberal leave to amend pleadings unless there is a substantial reason to deny such leave to amend.[93]

Courts must "freely give leave [to amend] when justice so requires."[94]  In exercising their discretion, courts consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[95]  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[96]  Here, there is no indication of undue delay, bad faith, or dilatory motive on the part of Plaintiff.  Moreover, while Plaintiff has already amended his Complaint once, he has not repeatedly failed to

---

[91] *See* R. Doc. 37 at ¶¶ 93-96.
[92] R. Doc. 40 at p. 11.
[93] *Id.*
[94] FED. R. CIV. P. 15(a).
[95] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[96] *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).

cure deficiencies, and since this case remains in its infancy, Defendants will not be prejudiced by amendment.

The Court, however, finds that leave to amend the claim under the LHRA would be futile.[97] Because a claim for employment discrimination under the LHRA is barred as a matter of law by the 1997 amendments to the Act, this Court will not grant leave to amend the claim for employment discrimination under the LHRA.[98]

As to the other claims dismissed by this Order and Reasons, there is nothing to indicate at this time that amendment of those claims will be futile. Thus, the Court finds that all relevant factors weigh in favor of amendment *of those claims only*, and the Court exercises its discretion and allows Plaintiff the opportunity to file a Third Amended Complaint as to his claims of employment discrimination under Title VII/LEDL, discrimination under Section 1981, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Failure to State a Claim[99] filed by Defendants is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to Plaintiff's Title VII/LEDL claims for discrimination, Section 1981 discrimination, discrimination under the LHRA, defamation,

---

[97] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (holding that a district court does not abuse its discretion when it denies leave to amend if it is futile).

[98] *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) ("When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint.").

[99] R. Doc. 12.

intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy. These claims are **DISMISSED**. In all other respects, the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Kesiena Dennis Obienu is granted leave to amend his Second Amended Complaint **only** as it relates to his claims of Title VII/LEDL discrimination, Section 1981 discrimination, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **Friday, January 23, 2026** to file a comprehensive Third Amended Complaint addressing the deficiencies raised in this Order. The comprehensive amended pleading shall include all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended, which will become the operative complaint in this matter without reference to any other document in the record. Failure to timely file a comprehensive Third Amended Complaint shall result in the dismissal of the claims as set forth in this Order.

**IT IS FURTHER ORDERED** that the Scheduling Conference set for January 20, 2026, at 9:30 a.m. shall proceed as previously scheduled.

New Orleans, Louisiana, January 5, 2026.

**WENDY B. VITTER**
**United States District Judge**