**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KESIENA DENNIS OBIENU** | * | **CIVIL ACTION NO. 25-417** |
| *Plaintiff* | * | |
| | * | **SECTION: "D" (3)** |
| | * | |
| **VERSUS** | * | **JUDGE: WENDY B. VITTER** |
| | * | |
| | * | **MAGISTRATE: EVA J. DOSSIER** |
| **ALGIERS CHARTER SCHOOL** | * | |
| **ASSOCIATION, INC** | * | |
| *Defendant* | * | |

### FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT

Plaintiff, Kesiena Dennis Obienu ("Plaintiff"), files this Fourth Comprehensive Amended Complaint pursuant to the Court's Order dated April 16, 2026, granting leave to amend.

This action arises from Defendant's withdrawal of Plaintiff's accepted offer of employment and termination of his employment as Dean of Culture after Defendants became aware of Plaintiff's military status and service obligations, in violation of federal and Louisiana law.

### PARTIES

1. Plaintiff, Kesiena Dennis Obienu ("Plaintiff"), is a person of the full age of majority, a Black male of Nigerian national origin, a citizen of the United States, and a resident of Orleans Parish, Louisiana.

2. Defendant, Algiers Charter School Association, Inc. ("ACSA"), is a Louisiana charter management organization that operates, manages, and exercises governance, oversight, and employment authority over multiple charter schools in Orleans Parish, including Martin Behrman Charter School.

1

3. Martin Behrman Charter School ("MBCS"), is a public charter school operated under the authority and control of ACSA and served as Plaintiff's assigned worksite during the events giving rise to this action.

4. At all relevant times, ACSA maintained ultimate authority over employment decisions, including hiring, contracting, and termination of the Plaintiff.

5. At all relevant times, Defendant was insured under one or more policies of liability insurance issued by XYZ Insurance Company, which provided coverage for the acts, omissions, and damages complained of herein. The precise identity of said insurer is presently unknown to Plaintiff and will be substituted by amendment when ascertained; however, upon information and belief, such insurance coverage applies to Defendant ACSA for the claims asserted under federal and Louisiana law

## JURISDICTION

6. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331** because Plaintiff asserts claims arising under the Uniformed Services Employment and Reemployment Rights Act **(USERRA), 38 U.S.C. §§ 4301–4335**.

7. This Court has supplemental jurisdiction over Plaintiff's Louisiana law claims pursuant to **28 U.S.C. § 1367**, as those claims arise out of the same nucleus of operative facts as Plaintiff's federal claims.

8. Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)** because all material events giving rise to Plaintiff's claims occurred in the Eastern District of Louisiana, and Defendants conduct business and operate schools within this District.

## STATEMENT OF FACTS

9. On or about July 15, 2024, Plaintiff, Kesiena Dennis Obienu, was offered the position of Dean

of Culture at Martin Behrman Charter School, a charter school operated and managed by Defendant Algiers Charter School Association, Inc.

10. Plaintiff accepted the offer of employment for the position of Dean of Culture on the same day it was extended, July 15, 2024.

11. On July 17, 2024, Plaintiff and Defendant Algiers Charter School Association executed a valid and binding written contract of employment for the Dean of Culture position. The contract was evidenced by Plaintiff's signature and the signature of Mrs. Danielle Weadd, the Human Resources Manager for Algiers Charter School Association, acting within the course and scope of her employment.

12. The agreed-upon terms of Plaintiff's employment provided for a salaried annual compensation of $64,138.00, and Plaintiff met all qualifications, credentials, and experience requirements for the Dean of Culture role.

13. Plaintiff is an Army Reservist Chaplain, providing spiritual guidance and leadership support across various branches of the United States Armed Forces.

14. In preparation for commencing his employment, Plaintiff transmitted via electronic mail on July 17, 2024, copies of his military orders to Defendants. These orders outlined Plaintiff's required annual training and leadership courses for the year 2024.

15. On or about July 19, 2024, Plaintiff was contacted via cellular telephone by Mrs. Danielle Weadd and Ms. Mianca Winchester, the Principal at Martin Behrman Charter School. During this call, Plaintiff was informed that his accepted offer of employment was being withdrawn.

16. During the July 19, 2024 communication, Defendants withdrew Plaintiff's accepted offer of employment, notwithstanding the existence of a fully executed employment contract, citing a purported preference for "someone with more availability for students" as the basis for their

decision.

17. Plaintiff was not accused of misconduct, poor performance, dishonesty, or lack of qualifications. Rather, Defendants' justification for withdrawing Plaintiff's employment was directly tied to Plaintiff's military service and related availability.

18. Despite Plaintiff being fully qualified to perform the duties of Dean of Culture and having satisfied all requirements for the position, Defendants denied Plaintiff the opportunity to begin employment and unilaterally terminated the employment relationship.

19. Following Plaintiff's termination, Defendants filled the Dean of Culture position, with a female employee, Mrs. Karen Darby-Monlyn, who is currently appointed as Dean of Culture at Martin Behrman Charter School.

20. At all relevant times, Defendant exercised control over hiring, contracting, termination, and replacement decisions at Martin Behrman Charter School, and acted jointly in withdrawing Plaintiff's employment and installing his replacement.

21. Defendant used Plaintiff's military service and obligations as a pretext for discriminatory treatment.

22. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and subsequently received a Notice of Right to Sue, thereby exhausting all required administrative remedies.

23. As a direct and proximate result of Defendant's conduct, Plaintiff suffered significant damages, including but not limited to loss of income and employment benefits, emotional distress, mental anguish, humiliation, loss of enjoyment of life, and harm to his professional reputation and future career prospects.

24. Plaintiff's ability to engage in activities, hobbies, and social interactions he previously enjoyed

has been substantially impaired as a result of the emotional distress and reputational harm caused by Defendant's discriminatory actions.

25. At all relevant times, Defendant Algiers Charter School Association was a charter school operator authorized to do and doing business in the State of Louisiana. Martin Behrman Charter School operated under Algiers Charter School Association's authority and control.

26. At all relevant times, the acts and omissions complained of herein were committed by Defendant and its employees, agents, and representatives acting within the course and scope of their employment, thereby rendering Defendant vicariously liable for such conduct under Louisiana law.

## CAUSES OF ACTION

## VIOLATION I — MILITARY STATUS DISCRIMINATION

**Violation of the Uniformed Services Employment and Reemployment Rights Act**

**(USERRA), 38 U.S.C. §§ 4301–4335, and**

**Violation of Louisiana's Military Service Protection Statute, La. R.S. § 29:422**

***(Against Defendant)***

27. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

28. At all relevant times, Plaintiff was a member of the uniformed services within the meaning of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4303(16), by virtue of his service as an Army Reservist Chaplain, and was entitled to the full protections afforded by USERRA and Louisiana law.

29. Defendant Algiers Charter School Association, Inc. was Plaintiff's employer within the meaning of USERRA and La. R.S. § 29:422 and exercised control over Plaintiff's hiring, contracting,

supervision, and termination, either directly or as joint employers.

30. On July 17, 2024, Plaintiff provided Defendant with copies of his military orders via electronic mail, thereby placing Defendant on actual notice of Plaintiff's military obligations before Plaintiff's employment was set to commence.

31. Notwithstanding this disclosure, and despite having executed a valid and binding employment contract with Plaintiff, Defendant subjected Plaintiff to an adverse employment action by withdrawing his accepted offer of employment and terminating the employment relationship on or about July 19, 2024.

32. During the July 19, 2024 communication, Defendant expressly stated that the basis for withdrawing Plaintiff's employment was a preference for someone with "more availability," a justification that directly and impermissibly penalized Plaintiff for his military service obligations.

33. Plaintiff's military service and obligations were a motivating factor in Defendant's decision to withdraw Plaintiff's employment, in violation of 38 U.S.C. § 4311(a).

34. Defendant cannot meet its burden under USERRA to demonstrate that the same employment action would have been taken in the absence of Plaintiff's military service, as required by 38 U.S.C. § 4311(c).

35. By withdrawing Plaintiff's accepted employment and terminating him because of his military service and obligations, Defendant discriminated against Plaintiff in the terms, conditions, and privileges of employment, in direct violation of USERRA.

36. Defendant's conduct also violated La. R.S. § 29:422, which prohibits employers in the State of Louisiana from discriminating against members of the armed forces or reserve components with respect to employment, reemployment, retention, or any employment benefit because of military

6

service.

37. The protections afforded by La. R.S. § 29:422 apply independently of, and in parallel with, USERRA, and Defendant's actions give rise to separate and distinct liability under Louisiana law.

38. Defendant's violations of USERRA and La. R.S. § 29:422 were willful, intentional, and undertaken with reckless disregard for Plaintiff's federally and state-protected rights.

39. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic losses, including lost wages and employment benefits, as well as non-economic damages including emotional distress, mental anguish, humiliation, and loss of enjoyment of life.

40. Plaintiff is entitled to all relief available under USERRA and Louisiana law, including but not limited to reinstatement or front pay, back pay, lost benefits, liquidated damages under USERRA for willful violations, attorneys' fees, and costs.

**VIOLATION II — NEGLIGENCE (Louisiana Civil Code Article 2315) (Against All Defendants)**

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

42. At all relevant times, Defendant owed Plaintiff a duty to exercise reasonable care in the hiring, contracting, administration, and termination of employment relationships, including a duty to comply with applicable federal and Louisiana statutes protecting service members from discrimination based on military service and obligations.

43. Defendant further owed Plaintiff specific statutory duties imposed by the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and Louisiana's military

service protection statute, La. R.S. § 29:422, including the duty not to deny employment, withdraw employment, terminate employment, or otherwise disadvantage an employee or prospective employee because of military service or military obligations.

44. As expressly recognized by this Court, violations of statutory employment protections, if proven, are sufficient to support a claim for negligence under Louisiana law and are not foreclosed by Louisiana's at-will employment doctrine.

45. Defendant breached its duties of reasonable care and statutory compliance by, among other acts and omissions:

   a. Withdrawing Plaintiff's accepted offer of employment after executing a valid employment contract;

   b. Terminating Plaintiff's employment because of his disclosed military service and obligations;

   c. Failing to apply employment criteria in a neutral, reasonable, and non-discriminatory manner;

   d. Using Plaintiff's military service, training requirements, and availability as a basis for adverse employment action; and

   e. Failing to implement, enforce, or follow reasonable policies and procedures designed to ensure compliance with military service protections.

46. Defendant knew or should have known that withdrawing Plaintiff's employment and terminating him based on military service would foreseeably cause harm, including loss of income and benefits, emotional distress, reputational injury, and disruption to Plaintiff's livelihood and career.

47. Defendant's breaches of duty constituted negligence under Louisiana Civil Code article 2315

and were a legal and proximate cause of Plaintiff's injuries and damages.

48. As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff suffered damages including, but not limited to, loss of wages and employment benefits, emotional distress, mental anguish, humiliation, loss of enjoyment of life, and damage to his professional reputation and future employment prospects.

49. Accordingly, Defendant is liable to Plaintiff for all damages caused by their negligence, together with legal interest from the date of judicial demand and all costs of these proceedings

## RELIEFS SOUGHT BY PLAINTIFF FOR VIOLATIONS I and II

50. As a direct and proximate result of Defendant's unlawful, discriminatory, and negligent conduct, Plaintiff has sustained and continues to sustain substantial damages, including but not limited to the following non-exclusive categories:

   a.   Emotional distress, mental anguish, and psychological suffering;

   b.   Humiliation, embarrassment, and loss of personal dignity;

   c.   Loss of enjoyment of life, past, present, and future;

   d.   Stress-related symptoms, including anxiety, panic, and sleep disturbances;

   e.   Loss of confidence and professional standing;

   f.   Reputational harm and injury to future career prospects;

   g.   Wrongful withdrawal and termination of employment under false and discriminatory pretenses;

   h.   Loss of income, including past, present, and future lost wages and salary;

   i.   Loss of employment benefits, including health insurance, retirement contributions, and other fringe benefits; and

    j.   Loss of income and professional opportunity resulting from Defendants' discriminatory practices.

## JURY DEMAND

51. Plaintiff hereby requests trial by jury on all counts triable.

52. All remaining paragraphs and allegations of the original, 1st, 2nd and 3rd petitions for damages not specifically amended or modified herein are hereby realleged and reaffirmed in extenso.

**WHEREFORE**, Plaintiff, Kesiena Dennis Obienu, respectfully prays that, after due proceedings are had, there be judgment rendered in his favor and against Defendant Algiers Charter School Association, Inc. as permitted by law, and that this Honorable Court grant the following relief:

1. A declaration that Defendant's acts and omissions violated the Uniformed Services Employment and Reemployment Rights Act (USERRA), Louisiana Revised Statutes § 29:422, and Louisiana Civil Code article 2315;

2. An award of back pay, including all lost wages, salary, benefits, and other compensation Plaintiff would have earned but for Defendants' unlawful conduct;

3. An award of front pay or reinstatement to the position of Dean of Culture, or a substantially equivalent position, with full seniority and benefits;

4. An award of compensatory damages for emotional distress, mental anguish, humiliation, inconvenience, and loss of enjoyment of life;

5. An award of liquidated damages as authorized under USERRA for Defendant's willful violations of Plaintiff's military service rights;

6. An award of reasonable attorneys' fees, expert fees, litigation expenses, and costs of court as permitted under USERRA, and applicable Louisiana law;

7. An award of pre-judgment and post-judgment interest as allowed by law;

8. All appropriate equitable and injunctive relief, including but not limited to corrective employment records and measures necessary to remedy the effects of Defendant's unlawful conduct; and

9. Such other and further legal or equitable relief as this Honorable Court deems just and proper.

   **WHEREFORE**, the Plaintiff respectfully prays for the reliefs sought in his 4th comprehensive amended complaint.

Respectfully submitted,
**PIUS A. OBIOHA & ASSOCIATES,
A.P.L.C.**

_____*/s/ Dominic Chukwujekwu*_____
**PIUS A. OBIOHA (#25810)
MARI BARTHOLOMEW, BAR #34242
TRAVIS L. HULL, BAR #39085
TENSLEY M. ALDRIDGE III, BAR #41644
DOMINIC CHUKWUJEKWU, BAR #41700**
1550 North Broad Street
New Orleans, Louisiana 70119
Telephone: (504) 265-0437
Facsimile: (504) 265-0440
pius@obiohalaw.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

   **I HERBY CERTIFY** that on this 23rd day of April, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: All counsel of record.

_____**/s/ Dominic Chukwujekwu**_____
**DOMINIC CHUKWUJEKWU**